IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Tony M. Williams, | ) | |
| | ) | C/A No. 0:20-cv-1202-MBS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Commissioner of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On March 27, 2020, Plaintiff Tony M. Williams filed a complaint pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of Defendant Commissioner of Social Security Administration's final decision regarding Plaintiff's entitlement to disability benefits. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for a Report and Recommendation. Defendant filed an answer to the complaint on August 19, 2020. On September 11, 2020, counsel for Plaintiff moved to withdraw the complaint, stating that she has been unable to contact Plaintiff and therefore cannot continue in her representation of him. ECF No. 9.

In an order dated October 30, 2020, the court instructed counsel for Plaintiff to file a supplemental brief to detail what efforts she has undertaken to contact her client, address why she asks the court to dismiss this action rather than permit her to withdraw her appearance, and provide Plaintiff's last known mailing address. ECF No. 14. On November 2, 2020, counsel submitted her brief, asserting that after she filed the complaint on Plaintiff's behalf on March 27, 2020, she attempted to contact him on May 26, 2020, again on September 7, 2020, and finally on September 11, 2020, when she mailed him an "end-of-representation letter." ECF No. 16.

Counsel also tried to contact Plaintiff by telephone on November 2, 2020 and was unable to leave a voice message. Counsel does not address why dismissal of this action is more appropriate than allowing her to withdraw her representation.

The court will construe the motion to withdraw the complaint as a motion to withdraw appearance. Under Local Rule 83.I.07, an attorney who wishes to withdraw her representation must, in relevant part, certify that she has provided her client with a copy of the motion to withdraw and an explanation of the client's right to object to withdrawal. Local Civ. Rule 83.I.07 (D.S.C.). Counsel states she mailed Plaintiff an end-of-representation letter, but she does not attach a copy of that letter or certify that she has provided Plaintiff with a copy of her motion to withdraw. Accordingly, within seven days of the date this order is entered, counsel shall file with the court a certification that complies with Local Rule 83.I.07. Pursuant to that Rule, Plaintiff will have 17 days to object to the motion to withdraw.

Plaintiff is an individual and therefore may proceed in this action pro se, should he so choose. Should Plaintiff wish to pursue his claims, he shall file with the court a notice stating his intent to proceed. Plaintiff shall file such a notice within 30 days of the date this order is entered. The Clerk of Court is directed to mail this order to Plaintiff at the following address:

>3192 North Road
>Orangeburg, SC 29112

Plaintiff is advised that should he fail to provide notice of his intent to proceed with this lawsuit, the court will dismiss the action without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**IT IS SO ORDERED**.

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

November 2, 2020
Columbia, South Carolina